UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

———————————

| | |
|---|---|
| DARIAN WOODBRIGHT, ET AL, | No. 4:24-cv-04611 |
| *Plaintiffs*, | Hon. Keith P. Ellison |
| v. | |
| HEALTH MATCHING ACCOUNT SERVICES, INC., | |
| *Defendant*. | |

———————————

### CLAIMCHOICE'S RESPONSE TO ORDER TO SHOW CAUSE

In Response to the Court's July 10, 2025, *Order to Show Cause* (ECF No. 35), third-party subpoena respondent ClaimChoice Administrators, LLC[1] ("ClaimChoice") states as follows:

**Plaintiff's counsel withdrew the First Subpoena.**

1. On March 13, 2025, Plaintiff served ClaimChoice with the attached March 8, 2025 Subpoena. (**Ex. A**) ("First Subpoena").

2. On March 21, 2025, Plaintiff's counsel, Alexander Loftus, wrote to ClaimChoice's President, Philip Burghardt stating that Defendant, Health Matching Account Services, Inc.'s ("HMAS") counsel and he, "*have a myriad of disputes about this [subpoena] but the core issue is production of claims file which I agree with Mr. Duffy is a pandora's box of issues with HIPPA and such. Rather than make work of Mr. Duffy having to jump on a motion to quash he and I agreed to press pause and in turn tell you to press pause on production while we work on ways to narrow this.*" (**Ex. B**)

---

[1] While the subpoena at issue lists "ClaimsChoice, LLC," the correct legal entity name is ClaimChoice Administrators, LLC.

1

3. On April 1, 2025, Plaintiff's counsel then informed ClaimChoice that, "*Mr. Duffy and I worked together and narrowed the request significantly. See attached Superseding Subpoena and rider.* **To be clear this supersedes the prior subpoena so that the original subpoena does not need to be responded to**. *Your prompt compliance with these narrow requests is necessary*." (**Ex. C**) This email attached the document provided as Exhibit B to Plaintiffs' Motion for Rule to Show Cause to Enforce Subpoena (the "Second Subpoena")

4. In this email, Plaintiff's counsel excused ClaimChoice from complying with the First Subpoena that was attached as Exhibit A to Plaintiff's *Motion for Rule to Show Cause to Enforce Subpoena*, as it was overly broad and requested documents that would have implicated and involved serious issues with HIPPA privacy requirements given the highly confidential, protected health information (PHI) contained in ClaimChoice's medical claims files.

5. Accordingly, the First Subpoena should be considered irrelevant to the Show Cause Order. *Assuming arguendo* that the First Subpoena was not withdrawn, the First Subpoena is invalid. Fed. R. Civ. P. 45(c)(2)(a) contains a geographical limitation requiring a subpoena to command "production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." *See*, *Schumacher v Capital Advance Solutions, LLC*, No. 4:18-cv-0436, 2021 WL 391416 (S.D. TX Feb. 4, 2021).

6. The First Subpoena requiring compliance in Chicago, Illinois violates Fed. R. Civ. P. 45(c)(2)(a) because ClaimChoice is a Michigan LLC with its principal operations in Royal Oak, Michigan, is not "employed" in Chicago, and does not "regularly transact[] business in person" within 100 miles of Chicago. As such, ClaimChoice would have been under no

legal obligation to produce responsive documents to the First Subpoena, even if Plaintiff's counsel had not withdrawn the First Subpoena and excused compliance therewith.

**ClaimChoice was not required to provide responsive
documents pursuant to the Second Subpoena.**

7. Although Plaintiff's counsel emailed a copy of the Second Subpoena, ClaimChoice has not been properly served with a valid replacement subpoena in accordance with Fed. R. Civ. P. 45. Indeed, Plaintiff does not attach any such proof that the Second Subpoena was served in accordance with the rules.

8. Regardless, like the First Subpoena, the Second Subpoena also requires compliance in Chicago, Illinois, which is not "within 100 miles of where the person resides, is employed, or regularly transacts business in person." *See* Fed. R. Civ. P. 45(c)(2)(a). As mentioned in the first section, ClaimChoice (i) is a Michigan LLC with its principal operations in Royal Oak, Michigan, (ii) is not "employed" in Chicago, and (iii) does not "regularly transact[] business in person" within 100 miles of Chicago. Accordingly, ClaimChoice would have been under no legal obligation to produce responsive documents to the Second Subpoena either, even if ClaimChoice had been properly served.

**ClaimChoice will comply with a properly issued and served subpoena.**

9. Notwithstanding any of the foregoing about the First and Second Subpoena, in anticipation of a valid subpoena properly issued and served in compliance with Fed. R. Civ. P. 45, ClaimChoice has been working diligently with its internal information technology team and an external software vendor, at significant expense and burden, to generate and compile the documents that Plaintiff has requested that is outlined in the rider to the Second Subpoena. This includes ensuring production is made in a HIPPA-compliant manner to protect the confidential PHI contained within the requested medical claims files. (**Ex. D**)

10. Upon receipt of a properly issued and served subpoena, ClaimChoice will produce the requested documents.

### **Plaintiff's Motion was filed in the wrong venue.**

11. Finally, Plaintiff's Motion should have been filed in the District Court in which Royal Oak, Michigan is located, i.e., the United States District Court for the Eastern District of Michigan, which is located in Detroit, Michigan, in accordance with Fed. R. Civ. P. 45(d)(2)(B)(i), which provides, "[a]t any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection."

### **RELIEF REQUESTED**

Third-party subpoena respondent ClaimChoice requests that this Honorable Court deny the relief requested in Plaintiff's Motion for Rule to Show Cause to Enforce Subpoena (ECF No. 32) and enter an order that Plaintiff's AMENDED AND SUPERSEDING SUBPOENA TO PRODUCE DOCUMENTS IN A CIVIL ACTION is invalid and unenforceable, vacate the Order to Show Cause (ECF NO. 35) and find ClaimChoice not in contempt.

Dated: July 23, 2025        /s/ David R. Wortham, Jr.
                            David R. Wortham, Jr.
                            Texas State Bar No. 24093392
                            HANSHAW KENNEDY HAFEN, LLP
                            1415 Legacy Drive, Suite 350
                            Frisco, TX 75034
                            Telephone: (972) 731-6500
                            Facsimile: (972) 731-6555
                            drw@hanshawkennedy.com

                            AND

                            Alan T. Rogalski (*pro hac vice filed*)

        Amber Krupp (*pro hac vice forthcoming*)
        WARNER NORCROSS + JUDD LLP
        1500 Warner Building
        150 Ottawa Avenue NW
        Grand Rapids, MI 49503
        616.752.2000
        arogalski@wnj.com
        akrupp@wnj.com

        **ATTORNEYS FOR CLAIMCHOICE ADMINISTRATORS, LLC**

## CERTIFICATE OF SERVICE

    I hereby certify that the above was electronically filed with the Court and that counsel of record is being served on this 23rd day of July 2025, with a copy of the foregoing document via the Court's CM/ECF System.

        */s/ David R. Wortham, Jr.*

5