# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| BOBBIE POPE, ET AL., <br> *on behalf of themselves and others similarly situated*, <br><br> *Plaintiffs*, <br><br> v. <br><br> HEALTH MATCHING ACCOUNT SERVICES, INC., <br><br> *Defendant*. | § § § § § § § § § § § § § § NO: 4:24-cv-04611 <br> Judge Ellison <br><br><br><br> JURY TRIAL DEMANDED |

## PLAINTIFFS' MOTION FOR CONTEMPT AND
## TO COMPEL IMMEDIATE COMPLIANCE

Plaintiffs respectfully move, under Federal Rule of Civil Procedure 45(g) and this Court's inherent authority, for an order holding non-party ClaimChoice Administrators, LLC ("ClaimChoice") in civil contempt for willfully disobeying the duly-served April 1, 2025 superseding subpoena and this Court's July 10, 2025 show cause order, compelling full production within seven days of this Court's order, and awarding Plaintiffs sanctions including reasonable fees and costs together with coercive per-diem fines until compliance is complete.

### I. FACTUAL PREDICATE: A TEXTBOOK CASE OF WILLFUL DEFIANCE

ClaimChoice has engaged in systematic and deliberate non-compliance spanning over six months. The undisputed chronology reveals a party that has repeatedly ignored court orders, made false promises, and manufactured frivolous objections only after being caught red-handed. This pattern of misconduct demonstrates the very type of willful contempt that demands the Court's strongest sanctions.

1

On March 13, 2025, Plaintiffs properly served ClaimChoice with the original subpoena at its Royal Oak, Michigan headquarters. ClaimChoice neither objected within fourteen days nor moved to quash, thereby waiving all potential defenses under settled precedent. After constructive discussions with both ClaimChoice and HMAS's counsel about narrowing PHI-related burdens, Plaintiffs issued and served on April 1, 2025 a superseding subpoena that contained only four narrowly-tailored requests and expressly supplanted the original subpoena. Again, ClaimChoice served no objections or motion to quash within the statutory period.

What followed can only be described as deliberate obstruction masquerading as compliance. From April 1 through May 7, 2025, Plaintiffs repeatedly requested a production timetable while ClaimChoice remained silent, identifying no burden and raising no objection. On May 7, Plaintiffs warned that a motion would follow if no schedule was provided. ClaimChoice's response was continued silence.

On June 4, 2025, ClaimChoice finally produced two pages of damning text messages between Elliot Gorog (HMAS) and Phil Burghardt (ClaimChoice) pursuant to the subpoena. These messages contained explosive admissions by both HMAS and ClaimsChoice. ClaimChoice's counsel described this attachment as an initial tranche and promised complete production would follow "about a week away." The promised week elapsed with no additional documents and no explanations for the delay.

On July 9, 2025, Plaintiffs moved for a rule to show cause.

On July 10, 2025, this Court granted the motion and entered an order directing ClaimChoice to appear and show cause why it failed to provide responsive documents. ClaimChoice responded in writing on July 23, 2025, reasserting mileage and venue objections for

the first time, more than four months after service. ClaimsChoice remains in default of both the original subpoena and this Court's direct order.

On August 8, 2025, Plaintiffs' counsel emailed ClaimsChoice's counsel asking for a date when the complete production would be made (Exhibit A). That same day, on the same thread, Defendant's counsel emailed ClaimsChoice's counsel asking to receive a copy of the documents (*Id.*). ClaimsChoice did not respond to either message.

On August 12, 2025, Plaintiffs' counsel left a voicemail and follow-up email with ClaimsChoice's counsel requesting complete production by the end of that day (Exhibit B). ClaimsChoice did not respond.

More than six months have now passed since service of the first subpoena, more than four months since service of the superseding subpoena, and three months since ClaimChoice's own "one-week" production estimate. The total production remains two pages. Every promised production date has been missed. No privilege log, rolling schedule, or formal objection has ever been served. ClaimChoice's only act since this Court's order has been to relitigate objections long ago waived while continuing to withhold the very documents it admits possessing.

## II.     GOVERNING LEGAL STANDARD

A subpoena, once properly served, "is itself a court order," and a person "who, having been served, fails without adequate excuse to obey" may be held in contempt. *Rose v. Enriquez*, No. 5:13-cv-00556, slip op. at 6, n.2 (W.D. Tex. Oct. 31, 2013). Civil contempt is appropriate where the movant shows by clear and convincing evidence that (1) a court order was in effect, (2) the order required certain conduct, and (3) the respondent failed to comply. *Cypress Prop. & Cas. Ins. Co. v. Jallad & R Invs., LLC*, No. 3:21-cv-01478, slip op. at 7 (N.D. Tex. Mar. 2, 2023). Each element is undisputedly satisfied here.

## III. CLAIMCHOICE WAIVED EVERY OBJECTION AND IS PRESENTLY IN CONTEMPT

### A. Untimely Objections Are Waived Under Rule 45

Rule 45(d)(2)(B) required ClaimChoice to serve written objections within fourteen days of service or before the compliance date. Failure to do so "typically constitutes a waiver of such objections, as does failing to file a timely motion to quash." *Andra Grp., LP v. JDA Software Grp., Inc.*, No. 3:15-mc-11-K-BN, slip op. at 8 (N.D. Tex. Apr 13, 2015). The Fifth Circuit has repeatedly confirmed that a subpoenaed non-party "waives objections if [he] fails either to serve timely objections on the party seeking discovery or to file a timely motion [to quash]." *Nasufi v. King Cable, Inc.*, No. 3:15-cv-03273-B, slip op. at 8 (N.D. Tex. Aug. 4, 2017); *Orix USA Corp. v. Armentrout*, No. 3:16-mc-63-N-BN, slip op. at 4 (N.D. Tex. Jul 21, 2016).

ClaimChoice never objected within the fourteen-day window, never moved to quash, then waited until it was order to show cause to do anything. Its place-of-compliance and venue theories are therefore forfeited as a matter of law. *See Total Rx Care, LLC v. Great N. Ins. Co.*, 318 F.R.D. 587, 589 (N.D. Tex. 2017); *Fitzgibbon v. Radack*, 334 F.R.D. 30, 34–35 (D.D.C. 2019)

### B. Partial Compliance Reinforces Waiver

`Courts treat voluntary compliance as an additional forfeiture of technical objections. A subpoenaed party that responds to the subpoena, albeit untimely, providing some records cannot later resist full production on grounds it failed to timely raise. *Graham Packaging Co. v. Indorama Ventures AlphaPet Holdings, Inc.*, No. 3:22-cv-00204 (W.D. Ky. Oct. 15 2024)("The failure to serve written objections to a subpoena within the time specified by Rule [45(d)(2)(B)] typically constitutes a waiver of such objections, as does failing to file a timely motion to quash.""). ClaimChoice produced two pages of texts, acknowledged ongoing extraction efforts, and thereby confirmed the subpoena's validity. Having voluntarily participated in the discovery process for

months and appearing in this case to respond to an Order to Show Cause ClaimsChoice "clearly and unequivocally waived any argument that this court lacks personal jurisdiction." *In re Correra*, 589 B.R. 76 (Bankr. N.D. Tex. 2018)(" "voluntary participation in discovery proceedings waives any objection to personal jurisdiction or the need for a valid subpoena.")

Even if not waived, A subpoena duces tecum that seeks only electronic production may be enforced even when the recipient is outside the forum because "the place of compliance for ESI can be 'anywhere the documents are located,'" rendering the 100-mile limitation immaterial. *Adrian v. WMC Mortg. Corp.*, No. 3:20-mc-00001 (N.D. Tex. Feb. 3 2020).

### C. No "Unusual Circumstances" Rescue ClaimChoice

Courts occasionally excuse untimely objections for "unusual circumstances and good cause," such as where a subpoena is facially overbroad and the parties are conferring in good faith. *Andra Grp.*, 312 F.R.D. 444. Nothing similar applies here. The superseding subpoena is narrowly tailored to four discrete data sets. Plaintiffs waited three months after ClaimChoice's promised production date before filing the motion to show cause, demonstrating extraordinary patience. The parties' impasse is not about scope but about ClaimChoice's unilateral refusal to finish the job it started and promised to complete.

### D. ClaimChoice Defied This Court's Direct Order

This Court's July 10, 2025 order supplied an additional, unequivocal directive requiring ClaimChoice to appear and show cause. ClaimChoice chose to file a paper response but deliberately failed to produce the overdue materials. Its continuing refusal after explicit judicial warning satisfies the Fifth Circuit's clear-and-convincing standard for contempt. *Cypress Prop.*, No. 3:21-cv-01478 (finding contempt where subpoena recipient ignored show-cause order).

## IV. CLAIMCHOICE'S CONDUCT DEMONSTRATES WILLFUL BAD FAITH

ClaimChoice's pattern reveals calculated obstruction designed to delay and frustrate legitimate discovery. The company remained silent for months despite proper service and clear deadlines. When finally pressed, it produced just enough inflammatory evidence to demonstrate the critical importance of the remaining documents while withholding everything else. The partial production included devastating admissions by HMAS and ClaimChoice. These admissions transform the nature of Plaintiffs' claims and strongly suggest additional fraud-based causes of action. ClaimChoice's strategic decision to produce this explosive evidence while withholding the remainder demonstrates sophisticated gamesmanship, not good faith compliance difficulties. As ClaimChoice's counsel admitted, they are "responding to multiple requests for the same documents from a number of interested parties," suggesting regulatory or law enforcement investigations that make complete production even more critical.

ClaimChoice simultaneously claims the production is challenging while admitting it has already incurred "significant expense" compiling the very data it refuses to deliver. This contradiction exposes the pretextual nature of its excuses. If the work is substantially complete, there is no legitimate reason for continued delay other than obstruction.

## V. SUBSTANTIAL SANCTIONS ARE WARRANTED AND NECESSARY

ClaimChoice's misconduct has severely prejudiced Plaintiffs and undermined this Court's authority. The explosive partial production demonstrates that complete compliance would provide critical evidence for class certification and potentially support additional fraud-based claims. ClaimChoice's systematic obstruction has delayed class certification motions for months, forced unnecessary motion practice consuming scarce judicial resources, and prevented Plaintiffs from timely amending their pleadings to reflect the true scope of defendants' misconduct.

The Court possesses both inherent authority and specific Rule 45(g) power to impose sanctions sufficient to remedy this prejudice and deter future non-compliance. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-44 (1991). Courts routinely impose coercive daily fines to compel subpoena compliance. *Rose*, No. 5:13-cv-00556 (approving coercive fines). Given ClaimChoice's pattern of broken promises and deliberate delay, only immediate and substantial sanctions will secure compliance.

## VI. REQUESTED RELIEF

Plaintiffs respectfully request that this Court enter an order providing:

First, a finding that ClaimChoice is in civil contempt of both the superseding subpoena and this Court's July 10 show cause order for its willful and deliberate non-compliance.

Second, an order compelling ClaimChoice to produce, in native electronic format, all documents described in the superseding subpoena's rider within seven days of this Court's order, with production subject to the existing protective order and designated as Attorneys' Eyes Only.

Third, a coercive sanction of $500 per day, commencing on day eight and accruing until production is complete, to ensure swift compliance and deter future obstruction.

Fourth, an award of all reasonable attorneys' fees and costs incurred from March 13, 2025 forward, recoverable under both Rule 45(g) and this Court's inherent authority, including fees incurred in bringing this motion and any subsequent enforcement proceedings.

## CONCLUSION

ClaimChoice has treated this Court's processes with contempt and Plaintiffs' rights as inconveniences to be managed rather than obligations to be honored. Its systematic pattern of non-compliance, calculated partial production, manufactured objections, and outright defiance of this

Court's direct orders represents the type of litigation misconduct that demands the strongest possible response.

The partial production ClaimChoice has provided reveals admissions of fraudulent conduct that could transform this litigation, making its continued obstruction all the more prejudicial. The time for patience and accommodation has expired. ClaimChoice must be held in contempt, compelled to produce immediately, and sanctioned substantially to remedy the months of delay its deliberate misconduct has caused and to ensure such defiance of court orders never recurs.

WHEREFORE, Plaintiffs respectfully pray that this Court grant their Motion for Rule to Show Cause, issue an order requiring Claims Choice to appear and show cause why it should not be held in contempt, and grant such other and further relief as the Court deems just and proper.

Dated: August 15, 2025            Respectfully submitted,
.

By: */s/ Alexander Loftus*

ALEXANDER LOFTUS, Esq. Attorney-in-Charge
SDTX Federal No. 3663102
**LOFTUS & EISENBERG, LTD.**
161 N. Clark Suite 1600
Chicago, Illinois 60601 Ph: 312.899.6625
alex@loftusandeisenberg.com *Lead Counsel*

*- and -*

JAMES CREWSE, Esq.
Texas Bar No. 24045722

**CREWSE LAW FIRM, PLLC**
5919 Vanderbilt Ave.

Dallas, Texas 75206 Ph: 214.394.2856
jcrewse@crewselawfirm.com
*Local Counsel*
**ATTORNEYS FOR PLAINTIFFS AND THE PROPOSED CLASSES**

# Exhibit A

**Subject:** RE: Woodbright et al v. Health Matching Account Services, Inc. (4:24-cv-04611)
**Date:** Friday, August 8, 2025 at 5:24:27 PM Central Daylight Time
**From:** Dennis Duffy <DDuffy@krcl.com>
**To:** Alexander Loftus <alex@loftusandeisenberg.com>, Alan Timothy Rogalski <arogalski@wnj.com>
**CC:** David Russell Wortham, Jr. <drw@hanshawkennedy.com>, James O Crewse <jcrewse@crewselawfirm.com>, AJ Johnson <AJohnson@krcl.com>, Christopher C. Pappas <cpappas@krcl.com>, Amber Krupp <akrupp@wnj.com>
**Attachments:** image002.jpg, image003.jpg, image004.jpg, image005.jpg, image006.png

Alan,

As per my prior emails to you regarding this matter, please make sure you also provide us a copy of documents ClaimsChoice produces to the Plaintiffs. Thanks.

**DENNIS P. DUFFY**
Director

**Kane Russell Coleman Logan PC**
5151 San Felipe Street | Suite 800 | Houston, Texas 77056
**Tel** 713.425.7456   **Cell** 832.331.0580
krcl.com  |  krclblogs.com

  

This e-mail transmission and any attachments that accompany it may contain information that is privileged, confidential or otherwise exempt from disclosure under applicable law and is intended solely for the use of the individual(s) to whom it was intended to be addressed. If you have received this e-mail by mistake, or you are not the intended recipient, any disclosure, dissemination, distribution, copying or other use or retention of this communication or its substance is prohibited. If you have received this communication in error, please immediately reply to the author via e-mail that you received this message by mistake and permanently delete the original and all copies of this e-mail and any attachments from your computer.

**From:** Alexander Loftus <alex@loftusandeisenberg.com>
**Sent:** Friday, August 8, 2025 3:45 PM
**To:** Alan Timothy Rogalski <arogalski@wnj.com>
**Cc:** David Russell Wortham, Jr. <drw@hanshawkennedy.com>; James O Crewse <jcrewse@crewselawfirm.com>; Dennis Duffy <DDuffy@krcl.com>; AJ Johnson <AJohnson@krcl.com>; Christopher C. Pappas <cpappas@krcl.com>; Amber Krupp <akrupp@wnj.com>
**Subject:** Re: Woodbright et al v. Health Matching Account Services, Inc. (4:24-cv-04611)

Alan,

Can you provide us with a date when the documents in response to the subpoena will be produced? Those long over due documents are creating a log jam in the litigation.

Thanks,

Alex


Alexander N. Loftus, Esq.
**Loftus & Eisenberg, Ltd.**
181 W Madison, Suite 4700
Chicago, Illinois 60602
O: (312) 899-6625
alex@loftusandeisenberg.com



This e-mail is the property of Loftus & Eisenberg, Ltd. It is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential, or otherwise protected from disclosure. Distribution or copying of this e-mail, or the information contained herein, by anyone other than Loftus & Eisenberg, Ltd. is prohibited. If you have received this e-mail in error, please immediately notify the sender.
--

**From:** Art Rivera <Arturo_Rivera@txs.uscourts.gov>
**Date:** Friday, August 8, 2025 at 3:27 PM
**To:** James O Crewse <jcrewse@crewselawfirm.com>, Alexander Loftus <alex@loftusandeisenberg.com>, Dennis Paul Duffy <dduffy@krcl.com>, Andrea Marie Johnson <ajohnson@krcl.com>, Christopher C Pappas <cpappas@krcl.com>, Amber Krupp <akrupp@wnj.com>, Alan Timothy Rogalski <arogalski@wnj.com>, David Russell Wortham, Jr. <drw@hanshawkennedy.com>
**Subject:** Woodbright et al v. Health Matching Account Services, Inc. (4:24-cv-04611)

Good afternoon,
Please advise the Court the status of this case.

Thank you,

Arturo A. Rivera
Case Manager to the Honorable Keith P. Ellison
United States District Court
515 Rusk St.
Suite 3716
Houston, TX 77002
Office: 713-250-5181

# Exhibit B

 Outlook

## Claims Choice Subpoena - Woodbright v. HMA 24-cv-04611

**From** Carl Johnson <Carl@loftusandeisenberg.com>
**Date** Tue 8/12/2025 11:09 AM
**To** arogalski@wnj.com <arogalski@wnj.com>
**Cc** Alexander Loftus <alex@loftusandeisenberg.com>

Hi Alan,

Following up on my voicemail. I'm working alongside Alex now in the Woodbright v. HMA matter, and wanted to follow up with you on the outstanding documents you've committed to producing under the Claims Choice Subpoena. It's been several weeks since you said you would finish producing the balance of documents. It also sounds like you have them teed up because you've had to gather and process the documents to produce to parties in other disputes.

Can you please produce them to us by the end of the day today? I would imagine it's the click of a few buttons.

I appreciate any efforts you can make to wrap this up promptly.

Thanks,
Carl

Carl M. Johnson, Esq.
Loftus & Eisenberg, Ltd.
181 W Madison, Suite 4700
Chicago, Illinois 60602
O: (312) 899-6625
carl@loftusandeisenberg.com



This e-mail is the property of Loftus & Eisenberg, Ltd. It is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential, or otherwise protected from disclosure. Distribution or copying of this e-mail, or the information contained herein, by anyone other than Loftus & Eisenberg, Ltd. is prohibited. If you have received this e-mail in error, please immediately notify the sender.

# CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2025, a true and correct copy of the foregoing was filed via the Court's CM/ECF system, which will automatically serve notice on all counsel of record, notice sent by email to:

Alan T. Rogalski, Esq.
Waner Norcross + Judd
2715 Woodward Avenue, Suite 300 Detroit,
Michigan 48201-3030 arogalski@wnj.com

                                        /s/ Alexander Loftus
                                        Alexander Loftus