| | | |
|---|---|---|
| BOBBIE POPE, ET AL., | § | |
| *on behalf of themselves and others* | § | |
| *similarly situated,* | § | |
| | § | NO: 4:24-cv-04611 |
| Plaintiffs, | § | Judge Ellison |
| | § | |
| v. | § | |
| | § | |
| HEALTH MATCHING | § | |
| ACCOUNT SERVICES, INC., | § | |
| | § | JURY TRIAL DEMANDED |
| Defendant. | § | |

_____

**PLAINTIFFS' OPPOSITION TO THE UNITED STATES' MOTION FOR LEAVE TO FILE AN EX PARTE MEMORANDUM AND AFFIDAVIT**

## I.     INTRODUCTION

The Department of Justice requests permission to file a secret brief opposing Plaintiffs' emergency motion to appoint a receiver—a brief that Plaintiffs and their counsel would never see, could never rebut, and that would influence this Court's decision in the shadows. The government offers no legal authority for this extraordinary departure from the Federal Rules of Civil Procedure, no compelling justification for secrecy, and no explanation for why the adversarial process that governs every other litigant should not apply when the United States seeks to block relief for 10,000 defrauded victims. **This is not how the basic rule of law works**.

The answer is simple: the Federal Rules apply to the Department of Justice. The United States is not a party to this action. It has no right to file *ex parte* merits briefs. If it wishes to oppose the appointment of a receiver, it must do so publicly, with service on all parties, like every other interested party. This Court should deny the motion and require the government to comply with the Federal Rules of Civil Procedure.

## II. ARGUMENT

## A. THE FEDERAL RULES OF CIVIL PROCEDURE DO NOT CONTAIN A "DEPARTMENT OF JUSTICE EXCEPTION"

### 1. Rule 5 Mandates Service on All Parties

Federal Rule of Civil Procedure 5(a) requires service of "every written motion and other paper" on "every party." The rule is mandatory, not discretionary. *United States v. Libby,* 429 F. Supp. 2d 18 (D.D.C. 2006) ("courts routinely express their disfavor with ex parte proceedings and permit such proceedings only in the rarest of circumstances.'"); *Vining v. Runyon*, 72 Fair Empl. Prac. Cas. (BNA) 688 (11th Cir. 1996) ("This Court has recognized that '[o]ur adversarial legal system generally does not tolerate ex parte determinations on the merits of a civil case.'"). A filing that reaches the judge but is withheld from the litigants is facially non-compliant with the Federal Rules.

The Department of Justice is not exempt from Rule 5. The government's motion cites no authority—because none exists—permitting a non-party to file secret merits briefs opposing emergency relief sought by victims of a confessed Ponzi scheme. The adversarial system requires that Plaintiffs receive notice of the government's arguments and an opportunity to respond. *Chekkouri v. Obama*, 158 F. Supp. 3d 4, 12 (D.D.C. 2016) (ex parte communications "conflict with a fundamental precept of our system of justice: a fair hearing requires a reasonable opportunity to know the claims of the opposing party and to meet them").

The government cannot simply declare that its filing contains "information related to its ongoing criminal investigation" and thereby exempt itself from the procedural rules that bind every other litigant, non-party, and amicus curiae. If such vague invocations of investigative interest sufficed to bypass Rule 5, the adversarial system would collapse whenever the government chose to invoke it.

## 2. Section 517 Authorizes the Attorney General to Participate, Not to Participate Secretly

The government presumably relies on 28 U.S.C. § 517, which authorizes the Attorney General to "attend to the interests of the United States" in litigation. But § 517 says nothing about how the Department must present its views. Courts read § 517 to allow the government to file briefs or attend hearings, but not to justify ex parte submissions that would deny opposing parties notice and an opportunity to respond. *See, for example, Chekkouri v. Obama*, where the court stressed that ex parte filings "conflict with a fundamental precept of our system of justice: a fair hearing requires a reasonable opportunity to know the claims of the opposing party and to meet them." *Chekkouri v. Obama*, 158 F. Supp. 3d 4 (D.D.C. 2016).

Section 517 does not permit the Department of Justice to whisper in the Court's ear while the parties remain in the dark.

## B. THE GOVERNMENT HAS IDENTIFIED NO EXCEPTION THAT APPLIES

Federal courts recognize three narrow categories of cases in which ex parte submissions may be appropriate: (1) classified national-security information; (2) statutes that specifically contemplate ex parte review; and (3) ancillary discovery applications. None apply here.

## 1. This Case Involves No Classified National-Security Information

The government does not claim that its proposed filing contains classified information or implicates state secrets. It merely asserts that the filing "contains information related to its ongoing criminal investigation that is not publicly available." That description fits virtually every government filing in every case involving parallel criminal and civil proceedings. If it sufficed to bypass Rule 5, the government could file ex parte briefs in thousands of civil cases each year.

Even in genuine national-security cases, courts require DOJ to demonstrate "compelling national security concerns" before permitting in camera review, and even then the court must disclose as much as possible to the opposing party through redacted versions or summaries. *Mohammed Jibril v. Mayorkas*, 101 F.4th 857, 871–72 (D.C. Cir. 2024); *Perioperative Servs. & Logistics, LLC v. Dep't of Veterans Affs.*, 57 F.4th 1061, 1067 (D.C. Cir. 2023). The government has made no such showing here because this is not a national-security case. It is a Ponzi scheme involving healthcare fraud. Any sensitive investigative information can be addressed through redaction, a protective order, or a motion to seal portions of a publicly-filed brief—not through wholesale concealment of the government's arguments.

**2. No Statute Authorizes Ex Parte Review in Civil Receivership Proceedings**

The government identifies no statute that specifically contemplates ex parte submissions in opposition to motions to appoint receivers in civil fraud cases. This case is not governed by FOIA, which expressly authorizes in camera review of withheld documents. It is not governed by the Classified Information Procedures Act. It is not governed by any statute that permits secret advocacy. The government filed a civil enforcement action under 18 U.S.C. § 1345 in the Western District of Missouri.

The Government cannot simply declare that an entire merits brief opposing emergency victim relief must be hidden from the victims and their counsel.

**3, This Is Not an Ancillary Discovery Application**

Ex parte applications under 28 U.S.C. § 1782 (judicial assistance in foreign proceedings) are permitted because that statute authorizes only the issuance of subpoenas, and the target retains the right to move to quash after receiving notice. The government's proposed filing is not a discovery application. It is a merits brief opposing substantive relief. The party seeking that

relief—Plaintiffs representing 10,000 defrauded victims—would have no opportunity to respond if the Court considers the government's secret submission.

### C. THE GOVERNMENT'S VAGUE INVOCATION OF "ONGOING INVESTIGATION" DOES NOT JUSTIFY SECRECY

The government asserts that its proposed filing "contains information related to its ongoing criminal investigation that is not publicly available." This assertion is insufficient for three reasons.

First, the government does not explain what type of information it seeks to file or why that information cannot be disclosed to Plaintiffs' counsel under a protective order. The mere fact that information is "not publicly available" does not mean it cannot be shared with parties to litigation. The government has not explained why a protective order would be inadequate here.

Second, Plaintiffs have a constitutional right to know the arguments against their motion and to respond to them. The government cannot defeat that right by characterizing its arguments as "investigative."

Third, if specific information genuinely requires protection, the government can seek a protective order limiting disclosure to counsel only, prohibiting further dissemination, and imposing sanctions for violations. There is no need for the extreme measure of hiding the government's entire brief from everyone except the Court.

Fourth, if the government has well-established legal remedies available in its own case in the Western District of Missouri, where it is a party and where the court has already issued a temporary restraining order.

If the government believes that Plaintiffs' emergency motion in this Court threatens its prosecution or investigative interests, federal law provides a clear and proper mechanism for relief: the government may move in the Missouri court under the All Writs Act, 28 U.S.C. §

1651(a). That statute authorizes federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions." The government could seek an order from the Missouri court staying or enjoining proceedings in this Court if it can demonstrate the extraordinary circumstances required for such relief. It didn't because the appointment of a Receiver does not violate the order.

The established procedure is straightforward. To obtain such an injunction, the government would need to demonstrate to its judge in its case: (1) the parties and central issues are the same in both proceedings; (2) the parallel proceeding in Houston threatens to undermine the Missouri court's orders; (3) irreparable harm will result absent an injunction, with no adequate remedy at law; and (4) the balance of equities and public interest favor injunctive relief. *See Swift v. BancorpSouth, Inc*., 859 F. Supp. 2d 1313, 1316–17 (S.D. Fla. 2012); *In re Jimmy John's Overtime Litig*., 877 F.3d 756, 759–60 (7th Cir. 2017). The government isn't doing that because it cannot succeed on those arguments and is instead seeking to whisper secrets in this Court's ear in hopes of achieving its only goal of punishing fraudsters.

Any such injunction must be narrowly tailored and supported by explicit findings. The Seventh Circuit's decision in *In re Jimmy John's Overtime Litigation,* 877 F.3d 756 (7th Cir. 2017) illustrates this. The panel began by stressing that "an anti-suit injunction is an 'extraordinary' form of relief" and that "it is particularly rare for a federal court to enjoin litigation in another federal court." It then held that such relief is proper only when a parallel action "seriously impairs" the issuing court's ability to decide the case, explaining that "efficiency concerns … are insufficient" and that "the potential effect of one suit on the other does not justify an injunction." Turning to procedure, the court reiterated that Rule 65 "requires that any order granting an injunction state the reasons why it issued," and faulted the district

court for imposing an anti-suit injunction without the "explicit findings" needed to demonstrate a genuine threat to its jurisdiction or orders. The Seventh Circuit's earlier opinion in *Winkler v. Eli Lilly & Co.*, 101 F.3d 1196 (7th Cir. 1996) held that All Writs Act injunctions "must be narrowly crafted" and condemned orders resting on "nothing but speculation and conjecture." And the Supreme Court set the overarching cautionary tone, warning that federal injunctive relief may issue only when "necessary to prevent" a parallel action from "seriously impair[ing] the federal court's flexibility and authority to decide [its] case." *Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281 (1970). Together, these authorities confirm that anti-suit injunctions under the All Writs Act are reserved for truly "extraordinary" situations, demand explicit factual findings, and must be drawn no broader than necessary to neutralize a concrete threat to the issuing court's jurisdiction or orders—not to advance mere prosecutorial convenience.

The government's failure to pursue these established remedies—and its choice instead to seek secret ex parte access to this Court—reveals the weakness of its position. If the government truly believed that appointing a receiver in Texas would irreparably harm its Missouri prosecution, it would have moved the Missouri court for an anti-suit injunction under the All Writs Act. If specific investigative information genuinely requires protection, the Missouri court—which is already managing the criminal case and the government's parallel civil enforcement action—is the proper forum to balance those interests against victims' due process rights. The government's attempt to forum-shop for more favorable procedural rules while avoiding the scrutiny of the Texas forum where victims seek relief is both procedurally improper and substantively telling.

## D. THE GOVERNMENT'S REQUEST REFLECTS A TROUBLING PATTERN OF PRIORITIZING PROSECUTION OVER VICTIM RELIEF

The government's motion is consistent with its approach throughout this matter: elevating the interests of criminal prosecution over the urgent needs of victims. The United States obtained a temporary restraining order in the Western District of Missouri—a forum with no apparent connection to the fraud except that one government witness lives there—freezing HMA's assets but providing no mechanism for victim relief, claims processing, or asset recovery. When Plaintiffs filed an emergency motion in this Court (the forum where defendants reside and HMA is headquartered) seeking appointment of a receiver to protect victims and marshal assets, the government opposed that relief. Now the government seeks to file additional secret arguments opposing the receiver, arguments that Plaintiffs cannot see or rebut.

This approach betrays a fundamental misunderstanding of the government's role. The Department of Justice exists to serve the public interest, not to obstruct civil remedies for defrauded victims. When 10,000 people have been defrauded out of healthcare funds by a confessed Ponzi scheme operator, the government should be facilitating victim recovery, not throwing up procedural roadblocks to prevent it.

The government's insistence on secrecy is particularly troubling given that it is not even a party to this action. The government has no right to dictate the terms on which Plaintiffs seek relief from this Court. If the United States wishes to participate as a non-party, it must do so under the rules that govern all non-party participation: public filing, service on all parties, and adherence to ordinary procedural norms.

## CONCLUSION

The Federal Rules of Civil Procedure apply equally to all litigants, parties, and non-parties—including the Department of Justice. The government has identified no legal authority permitting it to file secret merits briefs in a civil action to which it is not a party. The vague invocation of an "ongoing criminal investigation" does not override the constitutional guarantee of notice and an opportunity to be heard.

The Court should deny the government's motion for leave to file ex parte and should order rule on the Emergency Motion expeditiously to deliver immediate relief to the 10,000 victims.  What it cannot do is operate in the shadows while victims wait for relief.

Dated:  November 4, 2025                             Respectfully submitted,

.

ALEXANDER LOFTUS, Esq.
Attorney-in-Charge
SDTX Federal No. 3663102
**LOFTUS & EISENBERG, LTD.**
181 W Madison, Suite 4700
Chicago, Illinois 60602
Ph: 312.899.6625
alex@loftusandeisenberg.com

*- and -*

JAMES CREWSE, Esq.
Texas Bar No. 24045722
**CREWSE LAW FIRM, PLLC**
5919 Vanderbilt Ave.
Dallas, Texas 75206
Ph:  214.394.2856
jcrewse@crewselawfirm.com

**ATTORNEYS FOR PLAINTIFFS
AND THE PROPOSED CLASSES**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this motion has been served on all counsel of record through the Court's CM/ECF system on November 3, 2025.


*Alexander Loftus*