UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BOBBIE POPE, ET AL.,<br>*on behalf of themselves and others similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>HEALTH MATCHING ACCOUNT SERVICES, INC.<br><br>Defendant. | Case No. 4:24-cv-04611<br>Judge Ellison |

**THE UNITED STATES' REPLY IN FURTHER
SUPPORT OF MOTION TO INTERVENE**

The United States of America, by and through the undersigned attorneys, respectfully submits this reply memorandum in further support of its motion to intervene in this action under Rule 24 of the Federal Rules of Civil Procedure and for a limited stay of discovery, and to correct certain legal and factual assertions in Plaintiffs' Opposition to the United States' Motion to Intervene. Dkt. No. 84.

### I.     The Government's Motion Was Timely and Should Be Granted

First, the government filed a timely motion to intervene as soon as intervention became necessary to protect its interests in the breach of contract class action before this Court (the "Contract Proceeding"). The Anti-Fraud Injunction action under 18 U.S.C. § 1345 pending in the Western District of Missouri (the "1345 Proceeding"),[1] which seeks to enjoin Health Matching Account Services, Inc.'s ("HMA") and others' business operations, does not adequately protect the government's interest in, among other things, shielding its ongoing criminal investigation from

---

[1] Case No. 4:25-00814-CV-W-RK (W.D. Mo.).

1

discovery in the Contract Proceeding as well as ensuring that Plaintiffs do not continue to attempt to assert control over assets already restrained by the government.

The government moved to intervene on November 4, 2025, Dkt. No. 72, one week after Plaintiffs filed an emergency motion asking this Court to appoint a receiver over assets restrained by the government in the 1345 Proceeding. Dkt. No. 61. At the time Plaintiffs filed the emergency motion, all pending discovery motions in the Contract Proceeding had been dismissed, and the Contract Proceeding was stayed until 30 days after a mediation scheduled for December 5, 2025, pursuant to an October 3, 2025 agreed-upon order. Dkt. No. 59.

Contrary to Plaintiffs' assertion that the government is engaged in "gamesmanship," Dkt. No. 84 at 3,[2] the government's motion—filed before class certification, before discovery is complete, and before any judgment has been entered—is timely. *See Edwards v. City of Houston*, 78 F.3d 983, 1001 (5th Cir. 1996) (motions to intervene filed before entry of judgment "favor[] timeliness"); *Se. Recovery Grp. v. BP America, Inc.*, 278 F.R.D. 162, 167–68 (E.D. La. 2012) (where "[s]ubstantial discovery and other preparation work remains to be done" in the civil matter and a criminal investigation is ongoing, "the substantial public interest in law enforcement investigations and the delicate current stage of the criminal matter are circumstances weighing in favor of a finding of timeliness.").

## II. The Government Should Be Permitted to Intervene to Represent the Public Interest in the Ongoing Criminal Investigation

Second, no party to the Contract Proceeding adequately represents the government's interest in the ongoing criminal investigation, which is the public interest in law enforcement. The Fifth Circuit recognizes "a clearcut distinction between private interests in civil litigation and the

---

[2] Similarly, Plaintiffs' claim that the government's intervention "disrupted the mediation process" is disingenuous at best. Dkt. No. 84 at 4. It was Plaintiffs, not the government, who filed the emergency motion disturbing the stay.

public interest in a criminal prosecution" and has determined that "[a]dministrative policy gives priority to the public interest in law enforcement." *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962).

The government and Plaintiffs' counsel do not "share[] the same ultimate objective." Dkt. No. 84 at 6. Even where a private civil litigant has an interest in proving fraud, its burden "is far less than the burden the government must sustain in the criminal matter, so that no existing party adequately represents the prosecutorial or investigative interests of the United States." *Se. Recovery Group*, 278 F.R.D. at 167. The government does not take a position with respect to Plaintiffs' civil claims; the government seeks to pursue its criminal investigation without the adverse consequences that could follow from certain discovery in this factually overlapping civil dispute.[3] Plaintiffs, two individuals who are seeking to represent a putative class and recover monetary damages, cannot represent the public interest in law enforcement.

### III. The Court's Denial of Plaintiffs' Motion to Appoint a Receiver Did Not Render the Government's Motion Moot

This Court's denial of Plaintiffs' request to appoint a receiver does not render the motion to intervene as moot. The government's motion for a limited stay is still pending, and the government's intervention remains necessary to enable the government to represent the public interest in the ongoing criminal investigation. *See SEC v. Offill*, No. 3:07-CV-1643-D, 2008 WL 958072 at *1 (N.D. Tex. April 9, 2008) (granting government motion to intervene and stay discovery where "none of the parties opposes imposition of a stay of discovery in this case, the only issue remaining is the proper scope of the stay.").

---

[3] The government received certain information voluntarily provided by Plaintiffs' counsel over the course of the last year and has also taken multiple other investigative steps, some of which are public and some of which are not. The government disagrees with Plaintiffs' characterization that the government "followed every step of the civil Plaintiff's [sic] investigation." Dkt. No. 84 at 7. The government is conducting an independent investigation that, as explained in its motion to intervene, has significant factual overlap with Plaintiffs' case. Dkt. No. 72 at 22.

3

Moreover, Plaintiffs appear to be seeking, in rapid succession, any possibility to revisit this Court's order denying the appointment of a receiver and filed a petition for a writ of mandamus with the Fifth Circuit seeking to revisit this Court's decision. *See* Case No. 25-20526, *In re: Melanie Furniss* (5th Cir.).[4] On November 11, 2025, Plaintiffs' counsel also filed another civil class action against HMA and others seeking, among other relief, the appointment of a receiver over HMA's assets. *See* 25-cv-05381 (S.D. Tex.). HMA has noticed this action as a related case to the Contract Proceeding. Dkt. No. 82. Intervention is hardly moot.

For the foregoing reasons, the Court should grant the United States' Motion to Intervene.

Respectfully submitted,

| | |
|---|---|
| LORINDA I. LARYEA | R. MATTHEW PRICE |
| ACTING CHIEF | UNITED STATES ATTORNEY |
| Fraud Section | Western District of Missouri |
| Criminal Division | |
| United States Department of Justice | |
| | |
| */s/ Sarah E. Edwards* | */s/ Leigh Farmakidis* |
| | |
| SARAH E. EDWARDS | LEIGH FARMAKIDIS |
| ALLISON L. MCGUIRE | ASSISTANT UNITED STATES |
| TRIAL ATTORNEYS | ATTORNEY |
| | |
| Fraud Section, Criminal Division | U.S. Attorney's Office |
| U.S. Department of Justice | Western District of Missouri |
| 1400 New York Avenue, N.W. | 400 E. 9th Street |
| Washington, D.C. 20005 | Kansas City, MO 64106 |
| Tel:   (202) 913-4782 | Tel:   (816) 426-3122 |

---

[4] In Plaintiffs' Petition for a Writ of Mandamus, Plaintiffs contend that this Court should not have accepted the government's *ex parte* submission. *See In re: Melanie Furniss*, No. 25-20526, (5th Cir.) Dkt. No. 2-2. The government properly submitted—and the Court properly accepted—the submission. Courts deciding motions by the government to intervene in civil cases due to an ongoing and factually overlapping criminal investigation are often properly aided by *ex parte* submissions. *See, e.g.*, *Se. Recovery Group*, 278 F.R.D. at 167 (granting the government's motion to intervene where "the evidence submitted by the government for [the court's] *in camera* review establishe[d] that the transaction that is the subject of this civil lawsuit is identical to the transaction that is the subject of the criminal investigation.").

4

## CERTIFICATE OF SERVICE

  I hereby certify that, on November 20, 2025, I filed the foregoing motion with the Clerk of the Court using the ECF/CM system for filing and service on all counsel of record.

                */s/ Sarah E. Edwards*
                Sarah E. Edwards